UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH GUERRERA                                    CIVIL ACTION

VERSUS                                             NO. 24-2119

UNION PACIFIC RAILROAD                             SECTION M (5)
COMPANY

## ORDER & REASONS

Before the Court are three motions.[1]  The first is a motion for partial summary judgment

filed by plaintiff Joseph Guerrera,[2] to which defendant Union Pacific Railroad Company ("Union

Pacific") responds in opposition.[3]  The second is a motion *in limine* filed by Guerrera seeking to

exclude at trial evidence or arguments related to his contributory negligence.[4]  Union Pacific

responds in opposition,[5] and Guerrera replies in further support of its motion *in limine*.[6]  The third

motion before the Court is a motion *in limine* filed by Union Pacific requesting a ruling that it is

not precluded from presenting evidence of Guerrera's contributory negligence at trial.[7]  Guerrera

responds in opposition,[8] and Union Pacific replies in further support of its motion *in limine*.[9]

Having considered the parties' memoranda, the record, and the applicable law, the Court issues

this Order & Reasons.

---

[1] Plaintiff also filed an omnibus motion *in limine* directed to a variety of evidentiary issues, R. Doc. 21, but the motion was marked deficient.  Because Guerrera failed to remedy the deficiency, the Court will not consider the motion.
[2] R. Doc. 20.
[3] R. Doc. 27.
[4] R. Doc. 19.
[5] R. Doc. 28.
[6] R. Doc. 32.
[7] R. Doc. 17.
[8] R. Doc. 29.
[9] R. Doc. 31.

I.    **BACKGROUND**

This is an action by Guerrera against his former employer, Union Pacific, under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. §§ 51-60, to recover damages for injuries sustained during his employment with Union Pacific.[10]  On January 23, 2024, at about 12:30 a.m., Guerrera was working as a freight-train yardman/utility employee for Union Pacific in or near Ama, Louisiana.[11]  He was riding on the last railcar of a freight train while the train was being "shoved," or operated in reverse with the locomotive pushing the cars.[12]  The train was traveling between four and six miles per hour.[13]  According to Guerrera, he was standing on a rung of the side ladder of a railcar, and his job was to "look for obstructions to the train and 'switch targets'" as it traveled.[14]  Guerrera admits that while the train was in motion, he observed tree branches "foul of the track" about 15-20 feet ahead of him, but he initially determined the branches were not high enough to strike him.[15]  Guerrera says that, within three to four seconds after observing them, the tree branches struck him and threw him from the railcar as the train passed.[16]  He fractured his left leg and injured his left knee and left ankle.[17]

In an interview after the incident, Union Pacific engineer Brandon Sillivan stated that he observed the tree branches were trimmed "along with the rail" such that "the tree [was] pushing against the car."[18]  Further, Guerrera attests that he had a phone conversation with Union Pacific manager Brad Boyd after the incident, during which Boyd told him that "based on observations at

---

[10] R. Doc. 1.

[11] R. Docs. 20-2 at 1; 27-1 at 1.

[12] R. Docs. 20-2 at 1; 27-1 at 1.

[13] R. Docs. 20-2 at 2; 20-5 at 8.

[14] R. Doc. 20-2 at 2.  A "switch target" is often a reflectorized sign or indicator, in the shape of a round disc, that tells a train crew member whether a switch is lined for main travel or onto a siding track.  *See, e.g.*, *Miller v. Union Pac. R.R. Co.*, 972 F.3d 979, 982 (8th Cir. 2020).

[15] R. Doc. 20-2 at 2.

[16] *Id.* at 2-3.

[17] R. Doc. 20-4 at 5.

[18] R. Doc. 20-5 at 7.

the scene of the accident, it looked like someone had cut the trackside branches at a 90-degree angle, but had not cut them far enough back to not be foul of the track."[19]

Guerrera filed this suit against Union Pacific under FELA.[20]  He alleges, in relevant part, that his injuries are the result of Union Pacific's violation of a federal regulation which requires track owners to control vegetation near the track.[21]  He seeks to recover damages for physical pain and suffering, mental anguish, medical expenses, loss of wages and wage-earning capacity, loss of fringe benefits, loss of enjoyment of life, and permanent scarring and disability.[22]

## II.    PENDING MOTIONS

In his motion for partial summary judgment, Guerrera argues that he is entitled to judgment on the issue of Union Pacific's liability.[23]  Guerrera asserts that Union Pacific was noncompliant with 49 C.F.R. § 213.37, which requires track owners to control vegetation on or immediately adjacent to the roadbed so that it does not interfere with a railroad employee's performance of normal trackside duties.[24]  He contends that Union Pacific's failure to comply with this statutory duty compels a finding that Union Pacific was negligent *per se* under FELA, because "no employee who is injured shall be guilty of contributory negligence where the railroad's violation of any statute or regulation enacted for the safety of employees has contributed to the injury."[25]  In opposition, Union Pacific argues that, according to 49 C.F.R. § 213.5(a), liability for violations of track safety standards is only imposed where the track owner had prior notice of the claimed track defect.[26]  Union Pacific then urges that Guerrera has not carried his summary-judgment burden to

---

[19] R. Doc. 20-4 at 5.
[20] R. Doc. 1 at 1-2.
[21] *Id.* at 9.
[22] *Id.* at 11.
[23] R. Doc. 20-3 at 4.
[24] *Id.*
[25] *Id.* at 4, 6-12 (quote at 8) (citing 45 U.S.C. § 53).
[26] R. Doc. 27 at 1, 4-7.

establish that it had notice of the fallen tree.[27]

The parties' respective motions *in limine* seek diametrically opposing relief.  Guerrera asks the Court to preclude Union Pacific from presenting evidence or arguments related to his contributory negligence, given the railroad's violation of 49 C.F.R. § 213.37.[28]  In support, he cites 45 U.S.C. § 53, the FELA provision directing that railroad employees cannot be found contributorily negligent where their employer's violation of "any statute enacted for the safety of employees" contributed to the employee's injury.[29]  Conversely, relying on the same statutory provision, Union Pacific requests a ruling that it can present evidence of Guerrera's contributory negligence to establish comparative fault.[30]

## III.    LAW & ANALYSIS

### A.  Motion for Summary Judgment

#### 1.  Legal Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56.  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the

---

[27] *Id.* at 7-11.
[28] R. Doc. 19 at 1.
[29] R. Doc. 19-2 at 7.
[30] R. Doc. 17-1 at 4-20.

conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v.*

*Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2).  Such facts must create more than "some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden.  *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B).  Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted.  *See Little*, 37 F.3d at 1075-76.

### 2.  Analysis

FELA creates a cause of action for railroad employees injured by their employer's negligence.  45 U.S.C. § 51.  "FELA provides the exclusive remedy for a railroad employee engaged in interstate commerce whose injury resulted from the negligence of the railroad." *Huffman v. Union Pac. R.R.*, 675 F.3d 412, 416 (5th Cir. 2012) (citing *Rivera v. Union Pac. R.R. Co.*, 378 F.3d 502, 507 (5th Cir. 2004)).  To prevail under FELA, "'a plaintiff must prove: (1) the defendant is a common carrier by railroad engaged in interstate commerce; (2) he was employed by the defendant with duties advancing such commerce; (3) his injuries were sustained while he was so employed; and (4) his injuries resulted from the defendant's negligence.'" *Johnson v. Clark Gin Serv., Inc.*, 2017 WL 2123846, at *8 (E.D. La. May 12, 2017) (quoting *Weaver v. Mo. Pac. R.R. Co.*, 152 F.3d 427, 429 (5th Cir. 1998)).  Thus, a FELA plaintiff must prove the traditional elements of negligence, *i.e.*, duty, breach, causation, and damages.  *Id.* at *8-9.

A railroad has a duty under FELA to provide its employees with a reasonably safe work environment.  *McCormick v. New Orleans Pub. Belt R.R. Comm'n*, 2017 WL 2267204, at *2 (E.D. La. May 24, 2017) (citing *Huffman*, 675 F.3d at 417).  In an action under FELA, an employee can

Case 2:24-cv-02119-BWA-MBN    Document 41    Filed 09/03/25    Page 7 of 11

establish his employer's liability by showing that "'employer negligence played any part, even the slightest, in producing'" the employee's injury. *See Gray v. Ala. Great So. R.R. Co.*, 960 F.3d 212, 215 (5th Cir. 2020) (quoting *CSX Transp., Inc., v. McBride*, 564 U.S. 685, 692 (2011)). "A railroad's violation of a safety statute, however, is negligence *per se*." *CSX Transp.*, 564 U.S. at 703 n.12; *see also Kernan v. Am. Dredging Co.*, 355 U.S. 426, 433 (1958).

FELA also imposes a comparative fault rule, reducing an employee's recovery in proportion to the amount of negligence attributable to the employee. *See* 45 U.S.C. § 53; *Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 145 (2003). But comparative fault does not operate against an employee when the railroad's violation of a safety statute contributed to the employee's injury. 45 U.S.C. § 53. The Federal Railroad Safety Act ("FRSA"), 49 U.S.C. §§ 20101-20153, empowers the Secretary of Transportation to prescribe regulations governing railway safety. 49 U.S.C. § 20103; *see Lane v. R.A. Sims, Jr., Inc.*, 241 F.3d 439, 442 (5th Cir. 2001). Violations of safety regulations likewise trigger the no-comparative-fault rule. *See Kernan*, 355 U.S. at 436-37; *Morant v. Long Island R.R.*, 66 F.3d 518, 523 (2d Cir. 1995); *Walden v. Ill. Cent. Gulf R.R.*, 975 F.2d 361, 364 (7th Cir. 1992).

Guerrera moves for summary judgment that Union Pacific was negligent *per se* and that comparative fault does not apply in this instance because Union Pacific violated a regulation promulgated pursuant to the FRSA.[31] Specifically, Guerrera claims that Union Pacific is liable under FELA because of the railroad's purported violation of 49 C.F.R. § 213.37(c).[32] Section 213.37(c) provides in relevant part:

---

[31] R. Doc. 20-3 at 6-9.
[32] R. Doc. 3 at 9-11.

> Vegetation on railroad property which is on or immediately adjacent to roadbed shall be controlled so that it does not –
>
> …
>
> (c) Interfere with railroad employees performing normal trackside duties[.]

In response, Union Pacific argues that Guerrera cannot prevail on summary judgment principally because he has not provided sufficient evidence that Union Pacific had prior notice of any such violation – as is required by 49 C.F.R. § 213.5(a).[33]  Section 213.5(a) provides that only those track owners "who know[] or ha[ve] notice that the track does not comply with the requirements of [part 213 of the Code of Federal Regulations, which includes § 213.37(c)]," will be liable for noncompliance with the requirements of that part.

The Federal Railroad Administration has explained that 49 C.F.R. § 213.5(a) means that "railroads are held liable for non-compliance or civil penalties for only those defects that they knew about or those that are so evident the railroad is deemed to have known about them."  Track Safety Standards, 63 Fed. Reg. 33,992, 33,995 (June 22, 1998).  And other courts have held that the notice requirement in § 213.5(a) applies to liability determinations under FELA for violations of track safety standards – that is, whether a railroad's failure to comply with track safety standards, when it results in employee injury, is actionable under FELA.  *See Jaranowski v. Ind. Harbor Belt R.R. Co.*, 72 F.4th 744, 751-53 (7th Cir. 2023) ("A railroad does not violate the federal Track Safety Standards unless it has actual or constructive notice of the alleged defect." (quote at 752)); *Swoope v. CSX Transp., Inc.,* 666 F. App'x 820, 823 (11th Cir. 2016).  This Court agrees that under FELA, for a plaintiff to recover against an employer for the employer's noncompliance with 49 C.F.R. § 213.37, the plaintiff must show that the employer had prior notice of the noncompliant condition (*i.e.*, the alleged track defect). Thus, to prevail on his motion for partial summary

---

[33] R. Doc. 27 at 6-8.

judgment, Guerrera must establish that Union Pacific was not compliant with § 213.37(c) *and* had notice of the alleged defect prior to Guerrera's injury in accordance with § 213.5(a).

In support of Guerrera's argument that Union Pacific violated § 213.37(c), he includes photographs of the tree branches abutting the railroad track and passing railcars.[34]  In support of his claim that Union Pacific had prior notice of the tree's condition, Guerrera offers two pieces of evidence.  First, in his affidavit, he includes testimony that in a phone call after the incident, Boyd (a Union Pacific manager) told him that the branches had been cut, but not far enough.[35]  Second, he attaches to his motion a transcript of Sillivan's interview after the incident, in which Sillivan (a Union Pacific engineer) similarly states that he observed at the scene that the branches had been cut, but not far enough.[36]  Union Pacific responds that these statements fail to satisfy the notice requirement under § 213.5(a) because they were based on knowledge that Boyd and Sillivan acquired after the accident, and they do not establish that Union Pacific was the party who trimmed the branches.[37]

Given these competing positions, even assuming Guerrera has shown a violation of § 213.37, there remains a genuine dispute of material fact as to whether Union Pacific had prior notice of the tree branches' position vis-à-vis the track.  Guerrera concludes from Boyd's and Sillivan's respective statements – specifically, their statements that someone had trimmed the trees – that Union Pacific had prior knowledge of the claimed track defect.  Yet, Guerrera provides no specific evidence to prove when or by whom the trees were cut.  On Guerrera's circumstantial evidence alone, making all reasonable inferences in favor of the nonmovant, a reasonable juror

---

[34] R. Doc. 20-6.
[35] R. Doc. 20-4 at 5.
[36] R. Doc. 20-5 at 7.
[37] R. Doc. 27 at 7-8.

could find that Union Pacific did not have prior notice of the violation. Thus, Guerrera is not entitled to partial summary judgment on the issue of Union Pacific's liability.

**B. Motions *in Limine***

Both parties' motions *in limine* relate to the admissibility of evidence of Guerrera's contributory negligence. Under FELA, an employee's contributory negligence generally does not bar them from recovery for an employer's negligence; it simply reduces damages to the extent of the employee's negligence. 45 U.S.C. § 53. However, where the employer violated "any statute enacted for the safety of employees," and the violation contributed to the injury or death of the employee, the employee cannot be found contributorily negligent. *Id.*

Guerrera's motion *in limine* seeks to exclude evidence related to his contributory negligence under § 53.[38] Even assuming 49 C.F.R. § 213.37 is a "statute enacted for the safety of employees," it is improper to exclude evidence related to Guerrera's contributory negligence at this stage because Guerrera has not conclusively established that Union Pacific is liable under FELA for a violation of the regulation. Consequently, Guerrera's motion *in limine* is denied.

Union Pacific's motion *in limine* seeks a determination that evidence of Guerrera's contributory negligence is permitted at trial because 45 U.S.C. § 53 is not applicable to violations of 49 C.F.R. § 213.37.[39] Alternatively, it argues that even if § 53 applies to violations of § 213.37, evidence of contributory negligence is still permitted to determine whether Guerrera's negligence was the sole proximate cause of his injury as would preclude recovery.[40] The Court need not reach Union Pacific's alternative argument. At this stage, because no violation of the regulation has been conclusively established, Union Pacific's motion *in limine* is granted, allowing at trial

---

[38] R. Doc. 19-2.
[39] R. Doc. 17 at 1.
[40] *Id.* at 1 & n.1.

evidence of Guerrera's contributory negligence as well as a jury instruction concerning contributory negligence.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Guerrera's partial motion for summary judgment (R. Doc. 20) is DENIED.

IT IS FURTHER ORDERED that Guerrera's motion *in limine* (R. Doc. 19) is DENIED.

IT IS FURTHER ORDERED that Union Pacific's motion *in limine* (R. Doc. 17) is GRANTED.

New Orleans, Louisiana, this 3rd day of September, 2025.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE